UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
|---|---|---|---|
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS (DKT. 17) AND PLAINTIFF'S MOTION TO REMAND (DKT. 19)

### I. Introduction

On September 13, 2023, Brittney Ramirez ("Plaintiff") brought this action against Indochino Apparel, Inc. ("Defendant") and Does 1 through 25 in the Los Angeles Superior Court. Dkt 1-2. The Complaint advances two causes of action: (1) violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a); and (2) violation the California Unauthorized Access to Computer Data Act ("CUCA"), Cal. Penal Code § 502(e). *Id.* ¶¶ 15–27.

On October 13, 2023, Defendant removed this action based on diversity jurisdiction (the "Notice of Removal"). Dkt. 1. On November 17, 2023, Defendant filed a Motion to Dismiss the Complaint. Dkt. 17. Plaintiff opposed the MTD (the "MTD Opposition"). Dkt 20-1.[1]

On January 2, 2024, Plaintiff filed a Motion to Remand. Dkt. 19. Defendant opposed the MTR (the "MTR Opposition" (Dkt. 21)), and Plaintiff filed a reply (the "MTR Reply" (Dkt. 22)).

A hearing on the Motions was conducted on February 5, 2024. For the reasons stated in this Order, the Motion to Remand is **GRANTED**. Because there is no federal jurisdiction, the Motion to Dismiss cannot be addressed.

### II. Factual Background

#### A. Parties

The Complaint alleges that Plaintiff is a citizen of California. Dkt. 1-2 ¶ 4. It is alleged that Defendant is a Canadian corporation whose principal place of business is in Vancouver, Canada. *Id.* ¶ 5; Dkt. 1 at 3.

---

[1] Plaintiff's Opposition was untimely. *See* Dkt. 20. However, no prejudice to Defendant has been shown to warrant treating this untimely filing as consent to the Motion to Dismiss or to warrant sanctions. Therefore, the Opposition is considered, and no sanctions are imposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
|---|---|---|---|
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

      B.      Allegations in the Complaint

Within the past year, Plaintiff allegedly used the chat box feature while browsing on Defendant's website, indochino.com. Dkt. 1-2 ¶ 8. It is alleged that this website uses a code that embeds content from another website, Zendesk. *Id.* ¶ 9. It is further alleged that once Zendesk receives a customer inquiry from Defendant's website, it stores the customer's information for its own purposes, sharing the data it collects with Defendant. *Id.* ¶¶ 10–11.

It is alleged that Defendant did not disclose its relationship with Zendesk to Plaintiff. *Id.* ¶ 13. It is also alleged that Plaintiff did not expressly or impliedly consent to Defendant's use of Zendesk while utilizing the chat box feature. *Id.* ¶ 14.

**III.**      **Legal Standards**

      A.      Motion to Remand

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, a federal court would have jurisdiction over the action. *See* 28 U.S.C. § 1441.

Because federal courts have limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal should be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that removal is proper. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

Federal courts have diversity jurisdiction over actions where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required; in other words, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed on the basis of diversity jurisdiction, the removing party must show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' " *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). Where "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 416 (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

   B.  Proving the Amount in Controversy

The removing party is required to state "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)). Because Plaintiff contests that the amount in controversy was at least $75,000 at the time of removal, Defendant bears the burden of proving that amount by a preponderance of the evidence. *Id.* at 88 (citing 28 U.S.C. § 1446(c)(2)(B)); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

"[A] damages assessment may require a chain of reasoning that includes assumptions." *Ibarra*, 775 F.3d at 1199. "When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* Thus, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.* at 1197. "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

**IV.**  **Application**

The parties do not dispute that there is diversity of citizenship and that removal was timely. The dispute is as to the amount in controversy. Plaintiff argues that there is no diversity jurisdiction because Defendant has not met its burden of proving that amount exceeds $75,000. Dkt. 19 at 5. Defendant contends that it has met its burden, and that the Motion to Remand should be denied. Dkt. 21 at 3.

Plaintiff seeks the following relief in the Complaint: (1) declaratory relief; (2) injunctive relief; (2) statutory damages under CIPA and CUCA; (3) punitive damages; (4) prejudgment interest; (5) reasonable attorneys' fees and costs; and (6) all other relief as the Court may deem just and proper. Dkt. 1-2 at 17–18. In its Notice of Removal and MTR Opposition, Defendant contends that the amount in controversy exceeds $75,000 because the following amounts are recoverable: (1) $5000 in statutory damages under CIPA; (2) an indeterminate amount of punitive damages and (3) $92,300 in attorneys' fees (142 hours at a rate of $650 per hour). Dkt. 1 at 4–8; Dkt. 21 at 5–8. These arguments are addressed in this sequence.

   A.  Statutory Damages

It is undisputed that Plaintiff seeks to recover statutory damages. CIPA provides for the greater of "[f]ive thousand dollars ($5,000) per violation" or "[t]hree times the amount of actual damages, if any, sustained by the plaintiff." Cal. Penal Code § 637.2. Both parties agree that at least $5000 in statutory damages are at issue. Dkt. 19 at 5; Dkt. 21 at 2. Therefore, this sum is included in the amount in controversy.

   B.  Punitive Damages

It is also undisputed that Plaintiff seeks to recover punitive damages. CUCA provides for the award of punitive damages "where it is proved by clear and convincing evidence that a defendant has been guilty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

of oppression, fraud, or malice." Cal. Penal Code § 502(e)(4).

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). There is no set rule on how to calculate a potential award of punitive damages in connection with the amount-in-controversy analysis at the time of removal. To establish probable punitive damages, a defendant may introduce evidence of jury verdicts from cases with analogous facts. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Such cases are probative if they are "factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Importantly, "[t]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *GGY Enters., Inc. v. Smart Autocare*, No. 23-CV-00656-FLA (SPx), 2023 WL 5611406, at *2 (C.D. Cal. Aug. 30, 2023) (quoting *Ogden v. Dearborn Life Ins. Co.*, 644 F. Supp. 3d. 559, 564 (D. Ariz. 2022)).

Defendant offers no evidence to support any estimate of punitive damages. It contends that such damages should be considered because "Plaintiff has injected the issue of punitive damages into this lawsuit." Dkt. 21 at 7–8. There is no factual or legal basis offered in support of this conclusory assertion. Because Defendant has not satisfied its burden of proof, punitive damages are not included in the amount of controversy.

    C.    Attorneys' Fees

It is undisputed that Plaintiff may recover attorneys' fees under CUCA. *See* Cal. Penal Code § 502(e)(2) ("In any action brought pursuant to this subdivision the court may award reasonable attorney's fees.").

    1.    <u>Legal Standard</u>

"Because the law entitles [Plaintiffs] to an award of attorneys' fees if [they are] successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). "Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 793 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)). Thus, "[t]he defendant retains the burden . . . of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788; *see also id.* at 795 (The defendant must "make this showing with summary-judgment type evidence").

As the Ninth Circuit has explained, "district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees, and to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id.* at 795. In determining whether a defendant has satisfied its burden of proof, district courts should rely on their "expertise in determining 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' when awarding attorneys' fees under a statute or contract authorizing recovery of 'reasonable attorneys' fees' at the close of litigation." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
|---|---|---|---|
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

"The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). In addition, a defendant has provided sufficient evidence of the amount of attorneys' fees in controversy when it "compares the litigation strategies and timelines of the current case and . . . the cases it cites." *Guzetta v. Ford Motor Co.*, No. 21-CV-09151-MEMF-PVCx, 2022 WL 1044173, at *6 (C.D. Cal. Apr. 5, 2022). In particular, "Plaintiff's counsel's actual fee requests in nearly-identical cases [are] highly probative of the amount put in controversy by their request to recover fees in this case." *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, No. 18-ML-02814-AB (FFMx), 2018 WL 5905942, at *3 (C.D. Cal. Sept. 10, 2018). Also, when there has been "very active litigation in [an] action before (and now after) removal," "the likelihood of a substantial fee request is not speculative . . . ." *Rahman v. FCA US LLC*, No. 21-CV-02584-SB (JCx), 2021 WL 2285102, at *3 (C.D. Cal. June 4, 2021).

"Nevertheless, district courts have discretion to disregard attorneys' fees in determining the amount in controversy where a fee estimate is too speculative." *Sood v. FCA US, LLC*, No. CV 21-4287-RSWL-SKx, 2021 WL 4786451, at *6 (C.D. Cal. Oct. 14, 2021). For example, the defendant has not met its burden when it "submits a declaration that states conclusorily" the amount of attorneys' fees without "explain[ing] how this amount is determined, what factors about this specific case make these calculations more likely than not, or how other similar cases have resulted in fees that satisfy the amount in controversy." *Mahlmeister v. FCA US LLC*, No. CV 21-00564-AB (AFMx), 2021 WL 1662578, at *3 (C.D. Cal. Apr. 28, 2021); *see also Vega v. FCA US LLC*, No. 21-CV-05128-VAP-MRWx, 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021) ("Defendant makes no effort to explain what amount of attorneys' fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hours or billing rates that might apply."). Other courts have declined to include attorneys' fees when "a fee estimate is too speculative because of the likelihood of a prompt settlement . . . ." *Kinneberg v. Ford Motor Co.*, No. CV 20-00865 AB (FFMx), 2020 WL 3397752, at *2 (C.D. Cal. June 18, 2020) (quoting *Fritsch*, 899 F.3d at 795); *see also Kendall v. Verizon Data Servs. LLC*, No. 22-CV-05324-VC, 2023 WL 218963, at *1 (N.D. Cal. Jan. 17, 2023) ("Future fees . . . will vary wildly depending on whether the parties settle a matter early or fight it out through a jury trial.").

"Prevailing case authority does not support the proposition that district courts weighing subject matter jurisdiction in [CUCA] claims must assume that the upper extreme of attorney's fee awards granted in other [CUCA] cases must be included in the amount in controversy." *Barela v. Ford Motor Co.*, No. 23-CV-02425-FLA (MAAx), 2023 WL 5916445, at *3 (C.D. Cal. Sept. 8, 2023). Instead, it is Defendant's burden to establish, by a preponderance of the evidence, that the amount of attorneys' fees is in controversy is at least $70,000.01 ($75,000.01 minus $5000).

    2.    <u>Analysis</u>

Defendant argues that Plaintiff will incur $92,300 in attorneys' fees (142 hours at a rate of $650 per hour). Dkt. 21 at 6. Defendant contends that Plaintiff's counsel has spent several hours drafting the complaint, filing the Motion to Remand and drafting the opposition briefing to the Motion to Dismiss. *Id.* Defendant argues that Plaintiff's counsel will spend additional hours engaging in discovery, drafting summary judgment briefing and preparing for trial. *Id.* Based on these tasks, Defendant concludes that "an estimate of 142 hours worked on a single matter is reasonable." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

As a preliminary matter, "each case is different, and it is impossible to speculate as to what amount of work will ultimately be expended on the litigation." *Sabatini v. Ricoh USA, Inc.*, No. 16-CV-03126-BLF, 2016 WL 4611017, at *3 (N.D. Cal. Sept. 6, 2016). Moreover, as Plaintiff correctly notes, "Defendant fails to address the possibility that an attorney with a lower billable rate could work on the case." Dkt. 22 at 3. It is not clear that every task identified by Defendant would require the experience and expertise of an attorney with an hourly rate of $650. Finally, even if Plaintiff's counsel would charge $650 per hour for all time spent on the matter, Plaintiff's counsel would have to expend more than 107 hours ($70,000 / $650 per hour) to satisfy the amount-in-controversy requirement.

Based on a review of the arguments that have been set forth, the nature of the issues presented in this action, and the Court's experience in similar litigation and related fee requests, it has not been shown that an award of attorneys' fees of at least $70,000 is likely. Based on a review of the routine Complaint, the Motion to Remand and the Opposition to the Motion to Dismiss, all could reasonably have been completed in less than 20 hours. As to discovery, summary judgment briefing and trial preparation, a reasonable time range would be 25–30 hours. The trial of this matter, which would be brief, would require a reasonable range of 10–15 hours. These time estimates result in a total range of 55–65 hours. Even assuming that an hourly rate of $650 would be reasonable for all of these matters, it would result in a range of $35,750 to $42,250. That amount could be less if, based on an assessment of the work that was completed, it were determined that a lower hourly rate for some or all of the work would be appropriate. Further, even if these estimates were increased by 50%, they would then be in the range of $53,625 to $63,375. These amounts are less than the $70,000 threshold.

Defendant cites six cases to support its contrary position. All are distinguishable. Each had CUCA claims along with several other causes of action. In making fee awards, there was no separate assessment as to the CUCA claims. *See M S Int'l, Inc. v. Patel*, No. SACV 18-00152 JVS (JPRx), 2018 WL 11350041, at *2, *16–18 (C.D. Cal. Nov. 26, 2018) (awarding $80,434.50 in attorneys' fees for 197.2 hours spent litigating violations of the Defend Trade Secrets Act ("DTSA"), the CUCA, California Penal Code § 496, the Computer Fraud and Abuse Act ("CFAA"), California Civil Code §§ 1709–10 and California's Unfair Competition Law ("UCL")); *Quotient Tech. Inc. v. Begley*, No. 16-CV-05954 NC, 2017 WL 11575363, at *1, *4 (N.D. Cal. July 18, 2017) (awarding $86,909 in attorneys' fees for approximately 150 hours spent litigating violations of the CFAA, the CUCA and the UCL, as well as unlawful misappropriation and abetting in misappropriation); *Facebook, Inc. v. Ilikead Media Int'l Co.*, No. 19-cv-07971-SK, 2022 WL 2289064, at *6 (N.D. Cal. Feb. 1, 2022) (awarding $192,672.25 in attorneys' fees for 289 hours spent litigating violations of the CFAA and the CUCA, as well as breach of contract); *Ubisoft, Inc. v. Kruk*, No. CV 20-478-DMG (ASX), 2021 WL 3472833, at *1, *6 (C.D. Cal. July 9, 2021) (awarding $143,460 in attorneys' fees for time spent litigating violations of the CFAA and the CUCA, as well as trespass to chattel, intentional interference with contractual relations and unfair competition); *Distinct Media Ltd. v. Shutov*, No. 15-CV-03312-NC, 2017 WL 1234400, at *6 (N.D. Cal. Mar. 10, 2017) (awarding $119,593 in attorneys' fees for time spent litigating violations of the CFAA, the CUCA and the UCL); *Facebook, Inc. v. Grunin*, No. 14-02323 WHA, 2015 WL 884035, at *4 (N.D. Cal. Feb. 19, 2015) (awarding $75,000 in attorneys' fees for time spent litigating violations of the CFAA and the CUCA, as well as breach of contract and fraud (*see Facebook, Inc. v. Grunin*, No. 14-02323 WHA, 2014 WL 5499279, at *2 (N.D. Cal. Oct. 30, 2014)).

These cases also involved significant investigation, court-approved discovery, recurring case management conferences and substantial motions practice. *See, e.g.*, *Ubisoft*, 2021 WL 3472833, at *6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

(awarding attorneys' fees for hours spent "investigating and identifying the perpetrators of the DDoS attacks, including fees for time spent to draft a complaint, pursue a motion for expedited discovery and prepare draft subpoenas and a protective order, coordinate service and execution of the subpoenas, analyze the third party productions, negotiate with subpoenaed third parties, pursue further factual identifications to identify the Doe Defendants, and draft this Motion"); *Distinct Media*, 2017 WL 1234400, at *6 (awarding attorneys' fees for investigative efforts, including court-approved discovery, as well as time spent on motions for expedited discovery and draft subpoenas); *Quotient Tech. Inc.*, 2017 WL 11575363, at *4 (explaining that "Quotient's counsel had to engage in early discovery to identify defendants, respond to the Begleys' motion to dismiss, appear at three CMCs, serve written discovery, and submit its motion for default judgment"); *Ilikead Media Int'l Co.*, 2022 WL 2289064, at *7 (explaining that Plaintiff documented 76.9 hours on initial strategy and investigation, 69.6 hours on a motion for alternative service, and 284.1 hours on a motion for default judgment).

For these reasons, Defendant has not shown that these cases are analogous for purposes of making a reasonable assessment of a potential fee award in this action. This case involves only two parties and two causes of action. Resolving these two claims, which arise out of a single event, should not require substantial discovery; as Defendant itself emphasizes, "Plaintiff allegedly visited Indochino's website and used this chat feature a single time." Dkt. 17 at 8.

Finally, given the limited amount of damages at issue here ($5000 in statutory damages), it is not clear that the parties will each expend hundreds of thousands of dollars in attorneys' fees to "continue to engage in future motion to dismiss briefing, planning and preparing for Case Management Conferences, written discovery and depositions, summary judgment briefing, and preparation for trial" (Dkt. 21 at 6) rather than resolving the action. "To be sure, assessing the likelihood of settlement in any given case is itself an exercise in speculation." *Aguilar v. Amazon.com, Inc.*, No. 23-CV-00527-VC, 2023 WL 4038638, at *3 (N.D. Cal. June 15, 2023). However, "given the money at stake and the claims at issue, this does not seem like a case that the parties are likely to litigate through trial." *Id.*

For the foregoing reasons, Defendant has not plausibly alleged that Plaintiff may be entitled to an award of attorneys' fees exceeding $70,000. Therefore, Defendant has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

\*           \*           \*

Because the removal statute is to be strictly construed, and any doubt about removal is to be resolved in favor of remand, the Motion to Remand is **GRANTED**. Because there is no federal jurisdiction, the Motion to Dismiss cannot be addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-08637 JAK (PDx) | Date | March 22, 2024 |
| Title | Brittney Ramirez v. Indochino Apparel Inc. | | |

**V.      Conclusion**

For the foregoing reasons, this action is **REMANDED** to the Los Angeles Superior Court, Case No. 23STCV22093, at its Stanley Mosk Courthouse.

**IT IS SO ORDERED.**

                                                        :

Initials of Preparer     TJ